## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02774-RMR-NYW

CORY J. BLACKBURN,

      Plaintiff,

v.

BONNIE BAXTER, and
JULIE CANDIA,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

      This matter is before the court on the failure of Plaintiff Cory J. Blackburn ("Mr. Blackburn" or "Plaintiff") to respond to this court's Order to Show Cause dated March 15, 2022. *See* [Doc. 123]. This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and the Order Referring Case dated October 1, 2020. *See* [Doc. 9].

## BACKGROUND

      The court has discussed the background of this case in a prior Recommendation, *see* [Doc. 111], and will do so here to the extent relevant to the instant Recommendation. Mr. Blackburn initiated this civil action *pro se* on September 14, 2020, by filing his *pro se* prisoner Complaint, wherein he named the following Defendants: Bonnie Baxter, Christy Olsen, Misty Zade, Nicole Smith, and John and Jane Doe. [Doc. 1]. On September 29, 2020, the Honorable Gordon P. Gallagher issued an Order Drawing Case, and this case was assigned to the Honorable William J. Martinez and drawn to the undersigned. *See* [Doc. 6]. On September 30, 2020, Defendants Christine Olsen, Misty Zade, and Nicole Smith (collectively, "CDOC Defendants") waived

service.  *See* [Doc. 13].  Mr. Blackburn contacted the court thereafter, inquiring as to whether Defendant Bonnie Baxter ("Defendant Baxter" or "Ms. Baxter") had been served.  *See* [Doc. 15].

On November 30, 2020, the CDOC Defendants filed a Motion to Dismiss for Failure to State a Claim ("First Motion to Dismiss"), [Doc. 17], and a Motion to Stay, seeking to stay discovery pending the adjudication of the First Motion to Dismiss, [Doc. 18].  On December 1, 2020, this court convened a Status Conference at which it discussed the service of Defendant Baxter.  *See* [Doc. 21].  It also set a deadline of January 15, 2021 for Mr. Blackburn to respond to both the First Motion to Dismiss and Motion to Stay.  [*Id.*].  A Status Report listing the last known address for Defendant Baxter was subsequently filed under restriction on December 14, 2020. [Doc. 22].  On December 28, 2020, Mr. Blackburn sought an extension of time to respond to the First Motion to Dismiss, *see* [Doc. 29], and again inquired as to the status of Ms. Baxter's service, *see* [Doc. 28].  By Order dated December 30, 2020, this court extended the time for Plaintiff to respond to the First Motion to Dismiss and the Motion to Stay to March 16, 2021, and directed the United States Marshals Service ("USMS") to serve Ms. Baxter at her last known address.  *See* [Doc. 31].

On January 11, 2021, Mr. Blackburn filed a "Motion to Change Jane Doe to Julie Candia", which was denied by this court.  *See* [Doc. 34; Doc. 39].[1]  This court explained that Plaintiff could not simply substitute Julie Candia for Jane Doe, but that he would need to amend the Complaint to do so.  *See* [Doc. 39].  On February 4, 2021, Defendant Baxter executed a waiver of service, *see*

---

[1] The same day, Plaintiff filed his response in opposition to the First Motion to Dismiss, [Doc. 35], and "Plaintiff's Objection to Discovery Being Stayed and His Renewed Request for Appointment of Counsel", [Doc. 36].  On January 20, 2021, this court denied without prejudice Plaintiff's renewed request for the appointment of counsel.  [Doc. 41].  This court also construed in part [Doc. 36] as Plaintiff's Response to the Motion to Stay, to the extent Plaintiff responded therein to arguments raised in the Motion to Stay.  *See* [Doc. 41 at 1 n.1].

[Doc. 44], and filed a Motion to Dismiss Plaintiff's Complaint with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Baxter Motion to Dismiss") the next day, [Doc. 47]. On February 24, 2021, Mr. Blackburn filed a Motion to Amend, attaching his proposed Amended Complaint. *See* [Doc. 56; Doc. 56-1]. After neither the CDOC Defendants nor Defendant Baxter objected, this court construed the Motion to Amend as unopposed and directed the Clerk of Court to accept the tendered Amended Prisoner Complaint. *See* [Doc. 61]. On February 25, 2021, this court granted the CDOC Defendants' Motion to Stay. *See* [Doc. 54].

On March 4, 2021, the Clerk of the Court separately docketed the operative Amended Prisoner Complaint ("Amended Complaint"), which identified Defendants Baxter, Olsen, Zade, Smith, and newly added party Julie Candia ("Defendant Candia") as the party-defendants. *See* [Doc. 66].[2] Thereafter, the Judge Martinez denied as moot the First Motion to Dismiss, [Doc. 17], and the Baxter Motion to Dismiss, [Doc. 47], given that the Complaint those motions addressed, [Doc. 1], had been superseded by the operative Amended Complaint. *See* [Doc. 62].

Defendant Baxter subsequently filed an Answer to the Amended Complaint on March 18, 2021. *See* [Doc. 67]. The next day, the CDOC Defendants filed a Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Second Motion to Dismiss"). *See* [Doc. 68].[3] On April 15, 2021, the CDOC Defendants filed an Amended Motion to Stay, requesting that the court stay discovery and all proceedings in this action pending resolution of the Second Motion to

---

[2] In the Amended Complaint, Mr. Blackburn asserts a single Eighth Amendment deliberate indifference claim against Defendants in their individual capacities pursuant to 42 U.S.C. § 1983 and seeks relief in the form of a declaratory judgment and monetary damages. [Doc. 66 at 3–6, 22].

[3] Defendant Baxter elected to file an Answer. [Doc. 67].

Dismiss, *see* [Doc. 94], which this court subsequently granted, *see* [Doc. 96].[4]   After the Parties fully briefed the Second Motion to Dismiss, *see* [Doc. 84; Doc. 86; Doc. 89; Doc. 98]; *see also* [Doc. 35], on November 2, 2021, this court issued a Recommendation that the Second Motion to Dismiss be granted, and that Plaintiff's sole Eighth Amendment Claim against the CDOC Defendants be dismissed without prejudice.  *See* [Doc. 111].[5]

On December 10, 2021, the Honorable Regina M. Rodriguez—the presiding Judge to whom this case was reassigned upon her judicial appointment, *see* [Doc. 107]—adopted this court's Recommendation, thus granting the Second Motion to Dismiss and dismissing Plaintiff's sole Eighth Amendment Claim against Defendants Olsen, Zade, and Smith.  *See* [Doc. 113 at 2].  Judge Rodriguez also ordered that, "[s]hould the Plaintiff believe himself in a position to plausibly plead facts which would cure the pleading deficiencies identified in the Recommendation, he is ordered to move to amend his complaint within thirty (30) days of this Court's Order."   [*Id.* (emphasis omitted)].   Mr. Blackburn did not seek to amend the Amended Complaint by his deadline to do so.  Thus, only Defendants Baxter and Candia remained as Defendants.

On February 7, 2022, Mr. Blackburn filed a Letter motion, requesting, *inter alia*, "a status update as to the case against the remaining defendants Baxter and Candia."  [Doc. 117 at 1].  This court granted the Letter motion, and advised Mr. Blackburn that "[t]his action remains pending

---

[4] In the Amended Motion to Stay, the CDOC Defendants cknowledged that the first Motion to Stay, [Doc. 18], "was never found to be moot," and that they filed the Amended Motion to Stay out of "due diligence . . ."  [Doc. 94 at ¶ 3].

[5] In the Recommendation, the court noted that it did not appear that Defendant Candia had been served, and ordered (1) the Clerk of the Court to send a copy of the Amended Complaint to Defendant Candia via the Colorado Department of Legal Affairs, the Colorado Attorney General's Office, and the First Assistant Attorney General via electronic mail, consistent with the procedure associated with the initial Complaint, *see* [Doc. 8], and (2) the United States Marshal Service serve Defendant Candia at the FCF located at 600 Evans Rd, Cañon City, Colorado 81212.  [Doc. 111 at 11 n.4].

against Defendant Bonnie Baxter, who filed an Answer on March 18, 2021." [Doc. 120 at 1]. As to Defendant Candia, on the other hand, the court informed Plaintiff that

> on or about January 28, 2022, an attempt of service was made via the Colorado Department of Corrections Office of Legal Affairs; however, such attempt was unsuccessful. *See* [Doc. 116 (stating Defendant Candia "is not a DOC employee but use[d] to provide contractual clinical care")]. This court expects that the United States Marshals will file a Return of Service, either reflecting service on Defendant Candia or reflecting that Defendant Candi could not be served, in due course.

[*Id.*]. In that Order, the court also set a Status Conference for May 26, 2022, to discuss further scheduling in this case. [*Id.* at 2].

On March 9, 2022, the USMS filed a Return of Service, reflecting that it was unable to effect personal service of process on Defendant Candia at the Fremont Correctional Facility. *See* [Doc. 122 at 1]. On March 15, 2022, this court issued an Order informing Plaintiff about the USMS's Return of Service, and advised Plaintiff that he was still required to serve Defendant Candia within 90 days after the Amended Complaint was filed, pursuant to Federal Rule of Civil Procedure 4(m), which he had not done. [Doc. 123 at 1]. Accordingly, the court ordered Mr. Blackburn to Show Cause in writing, "on or before **April 15, 2022**, why this court should not recommend dismissal of this action against defendant Candia for lack of service pursuant Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1." [*Id.* at 2 (emphasis in original)]. To date, Mr. Blackburn has not responded to the Show Cause Order. This Recommendation follows.

## ANALYSIS

Rule 4 of the Federal Rules of Civil Procedure directs that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). In addition, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized

by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial

order." Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(A) (ii)–(vii), as referenced in Rule 16(f), permits the

following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

> (iii) striking pleadings in whole or in part;

> (iv) staying further proceedings until the order is obeyed;

> (v) **dismissing the action or proceeding in whole or in part**;

> (vi) rendering a default judgment against the disobedient party; or

> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)–(vii) (emphasis added).  Moreover, under Local Rule 41.1,

> [a] judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.  Indeed, "[a] district court undoubtedly has discretion to sanction a party

for failing to prosecute or defend a case, or for failing to comply with local or federal procedural

rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002); *see also Gripe v. City of Enid*, 312

F.3d 1184, 1188 (10th Cir. 2002).  Further, a party's *pro se* status does not exempt him from

complying with the procedural rules that govern all civil actions filed in this District—namely, the

Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado.  *See*

*Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008).  The court plays a neutral

role in the litigation process and cannot assume the role of an advocate for the *pro se* party.  *Adler*

*v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

Mr. Blackburn has failed to comply with Rule 4 of the Federal Rules of Civil Procedure. He filed the Amended Complaint on March 4, 2021, [Doc. 62], and thus, the deadline for service on Defendant Candia was technically June 2, 2021. *See* Fed. R. Civ. P. 4(m); *see also Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he [90-]day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint."). The court is cognizant of the fact that it does not appear that service was attempted on Defendant Candia by the USMS until after Judge Rodriguez's December 10, 2021 Order adopting this court's Recommendation. [Doc. 113]. Even so, the USMS has not been able to serve Defendant Candia to date—more than 90 days after December 10, 2021. A *pro se* plaintiff proceeding *in forma pauperis* "must still comply with the same rules of procedure governing other litigants, including Rule 4," *Dona't v. Amazon.com/Kindle*, 482 F. Supp. 3d 1137, 1144 (D. Colo. 2020), and it appears that Defendant Candia cannot be served at the address provided by Plaintiff. *See* [Doc. 122]; *see also* [Doc. 66 at 5].

In its Order to Show Cause, this court ordered Plaintiff to show cause why this court should not recommend dismissal of the claims in this action against defendant Candia for lack of service under Rule 4(m). *See* [Doc. 123 at 2]. Mr. Blackburn did not respond to the court's Order nor did he seek any extension of time within which to respond or to serve, and he likewise has not shown good cause for the failure to provide an appropriate address for Defendant Candia as required by Rule 4. "It is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served. . . . the Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007). Simply put, this litigation cannot proceed against Defendant Candia without service on her.

Due to Plaintiff's failure to comply with the Federal Rules of Civil Procedure or respond to the Order to Show Cause, this litigation cannot proceed against Defendant Candia. Accordingly, this court finds it appropriate to recommend that Plaintiff's sole Eighth Amendment claim be dismissed without prejudice against Defendant Candia for failure to prosecute and failure to respond to the Order to Show Cause. *See Walker v. Calhoun*, No. 21-cv-01524-MEH, 2022 WL 827411, at *3 (D. Colo. Feb. 25, 2022) (recommending the dismissal of claims against a defendant without prejudice pursuant to Rule 4(m) and 41(b) based on the plaintiff's failure to timely serve that defendant and failure to respond to the order to show cause notifying the plaintiff of the consequence for failure to serve), *report and recommendation adopted,* 2022 WL 824434 (D. Colo. Mar. 18, 2022); *see also Coad v. Waters*, No. 11-cv-01564-PAB-CBS, 2013 WL 1767788, at *3 (D. Colo. Apr. 5, 2013), (recommending dismissal without prejudice based on the plaintiff's failure to file a notice of change of address, failure to respond to an order to show cause, failure to comply with the Local Rules, and failure to prosecute), *report and recommendation adopted*, 2013 WL 1767786 (D. Colo. Apr. 24, 2013); *cf. Shotkin v. Westinghouse Elec. & Mfg. Co.*, 169 F.2d 825, 826 (10th Cir. 1948) (noting a district court's inherent power to dismiss an action for failure to prosecute).

## CONCLUSION

For the reasons set forth herein, this court respectfully **RECOMMENDS** that:

(1)   Plaintiff's sole Eighth Amendment claim be **DISMISSED without prejudice** against Defendant Julie Candia for failure to prosecute pursuant to Federal Rule of Civil Procedure 4(m).[6]

---

[6] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation

**IT IS FURTHER ORDERED** that:

(1)    To permit Judge Rodriguez sufficient time to consider this Recommendation, the Status Conference set for May 26, 2022 at 9:30 a.m. is **VACATED** and **RESET** for **June 13, 2022 at 9:30 a.m.,** to be held in Courtroom A-502, 5th Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. Counsel for Defendant Baxter shall appear in person; and Plaintiff's case manager shall use the following dial-in information at the designated time to ensure that Plaintiff can participate in the Status Conference: **888-363-4749; Access Code: 5738976#**; and

(2)    A copy of this Recommendation shall be sent to:

> Cory J. Blackburn
> #99562
> Fremont Correctional Facility (FCF)
> P.O. Box 999
> Canon City, CO 81215-0999

> Case Manager for Cory J. Blackburn
> #99562
> Fremont Correctional Facility (FCF)
> P.O. Box 999
> Canon City, CO 81215-0999

DATED: May 19, 2022

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

---

must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).